UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ADRIATIC MARINE, LLC** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | **SECTION " " – MAGISTRATE #** |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **ROLAND HARRINGTON** | * | |
| | * | **MAG. JUDGE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Complaint for Declaratory Judgment of Adriatic Marine, LLC ("Adriatic Marine"), a Louisiana limited liability company doing business within this jurisdiction, as the employer of Roland Harrington, respectfully represents that:

1.

Plaintiff, Adriatic Marine, is a Louisiana limited liability company with its domicile and principal place of business in Lafourche, Louisiana and whose member is a citizen of the State of Louisiana. Adriatic Marine is licensed to do and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

2.

Defendant, Roland Harrington ("Harrington"), is a person of the full age of majority and, upon information and belief, is a citizen and resident of the State of Louisiana, Parish of Vermilion, City of Abbeville.

3.

This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201 and §2202, brought for the purpose of determining questions of law and fact in an actual controversy between the parties as hereinafter more fully appears.

4.

Venue is proper as the alleged accident took place within this jurisdiction, and Harrington resides within this District.

5.

This Honorable Court has jurisdiction over this matter pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. §1333, and Adriatic Marine herein invokes the special procedures of Rule 9(h) of the Federal Rules of Civil Procedure.

6.

On or about March 18, 2018, at 9:00 a.m., Harrington was working as an unlicensed engineer for Adriatic Marine aboard the M/V ADRIATIC when he was allegedly injured in the course and scope of his employment.

7.

On the aforementioned date and time, the ADRIATIC was working offshore in the Garden Banks Block 128, Gulf of Mexico.

8.

On the aforementioned date and time, Harrington alleges that he sustained personal injuries to his lower back while working aboard the ADRIATIC. Specifically, Harrington alleges that he was cleaning inside the bilge around the port main engine and, when he was

finished cleaning, he stepped out of the bilge and lost his footing, causing him to fall and hit his lower back on an angle iron.  There were no witnesses to Harrington's alleged accident.

9.

Harrington did not report his alleged injury until March 26, 2018, at which time an Incident Report was completed.  Harrington signed the Incident Report, which indicates the 'Date of Incident' as "March 18, 2018" and the 'Time' as "0900."

10.

On March 27, 2018, when the vessel had returned to shore, Harrington was brought to Complete Occupational Health Services, where he was diagnosed with a lumbar contusion.  He returned to the ADRIATIC later that same day and worked until April 12, 2018, when he departed the vessel on normal crew change.  Harrington worked without any incident or injury during this time.

11.

From April 13, 2018 through April 24, 2018, Harrington was off work.  He returned to the ADRIATIC for crew change on April 25, 2018.  Harrington worked aboard the ADRIATIC from April 25, 2018 through May 25, 2018 without incident.  Harrington worked without any restrictions and without incident or injury during this time.

12.

On May 30, 2018, more than two (2) months after his alleged accident, Harrington apparently went to Abbeville General Hospital and complained of lower back pain.

13.

Harrington failed to return to work for his scheduled crew change on June 6, 2018.

14.

On June 12, 2018, Adriatic Marine received correspondence from counsel for Harrington, notifying Adriatic Marine of representation, alleging that Harrington had been injured aboard the ADRIATIC on March 18, 2018, and requesting that maintenance and cure benefits be instituted.

15.

Adriatic Marine immediately initiated maintenance and cure benefits and payments on good faith and began an investigation into Harrington's alleged accident.

16.

Under General Maritime Law, Adriatic Marine has a right and obligation to investigate Harrington's alleged accident to determine whether the alleged injury to his lower back is casually related to the alleged accident of March 18, 2018.

17.

As part of its investigation, Adriatic Marine requested that Harrington undergo an independent medical examination by Dr. Ralph Katz ("Dr. Katz"), who respectfully disagreed with Dr. Neil Romero's request for approval for a 2-level decompression and fusion. Based upon Dr. Katz's opinion, Adriatic Marine is not in a position to approve the requested surgical procedure by Dr. Romero.

18.

Adriatic Marine contends, based on its investigation into the matter, that Harrington was not involved in an accident aboard the ADRIATIC on March 18, 2018 as reported and/or that Harrington did not sustain an injury while in the service of any Adriatic vessel. This contention is supported by the following:

(1) Harrington did not report his alleged accident until eight (8) days later, at which point he was treated at Complete Occupational Health Services, LLC, was diagnosed with a lumbar contusion, and released back to fully duty as tolerated;

(2) Harrington worked the remainder of his hitch aboard the ADRIATIC (from March 27, 2018 through April 12, 2018, without incident or injury;

(3) Harrington did not seek medical attention or treatment for his back between April 13, 2018 and April 24, 2018, when he was off work;

(4) Harrington worked aboard the ADRIATIC from April 25, 2018 through May 25, 2018 without any restrictions and without incident or injury;

(5) Harrington did not seek follow-up medical attention or treatment for his back until May 30, 2018, more than two (2) months after his accident; and

(6) Additional information, including photographic and documented evidence, that indicates that Harrington did not slip and fall as alleged.

19.

Additionally, Adriatic contends that Harrington willfully and knowingly concealed his pre-existing medical conditions and/or failed to disclose them to Adriatic Marine, including but not limited to prior issues and injuries to his back. These prior injuries include noted degenerative issues and problems with his lower back, the same area where he alleges injury now. Accordingly, Harrington is not entitled to maintenance and cure benefits from Adriatic Marine. *Brown v. Parker Drilling*, 410 F.3d 166 (5th Cir. 2005); *Jauch v. Nautical Services, Inc.*, 470 F.3d 207 (5th Cir. 2006); *McCorpen v. Central Gulf Steamship Corporation*, 396 F.2d 547 (5th Cir. 1968).

20.

Harrington's medical history contains material facts that would have been considered by Adriatic Marine in making its hiring decision for the position of unlicensed engineer had the prior injuries/conditions been appropriately disclosed to Adriatic Marine.

21.

Harrington's prior injuries and medical conditions are causally connected to his current alleged injuries because they relate to the same areas of the body.

22.

Harrington has not yet filed suit, but as a result of its payment of maintenance and cure benefits on good faith, Adriatic Marine now seeks a declaration from this Court as to its obligations and duties. More specifically, Adriatic Marine seeks a declaration from this Court that it is not responsible for maintenance or cure or, conversely, a determination with respect to past and future liability for maintenance and cure generally.

23.

Further, Adriatic Marine was in no way negligent or at fault for the injuries allegedly sustained by Harrington.

24.

Adriatic Marine desires to conduct discovery with respect to the accident.

25.

Adriatic Marine avers that any maintenance and cure issues presented in this action will be best adjudicated by declaratory judgment and that is in the best interest of all parties to have their respective rights and duties with respect to the issue of maintenance and cure decided by this Honorable Court in due haste and course.

**WHEREFORE**, Adriatic Marine, LLC prays:

(1) That this Honorable Court order an expedited hearing on this request for declaratory judgment allowing sufficient time for discovery with respect to the issues outlined above;

(2) That, after due proceedings had, this Honorable Court enter declaratory judgment in favor of Adriatic Marine, LLC, declaring that:

(a) Because his injury did not occur while in the service of a vessel and/or because Harrington did not suffer an injury on March 18, 2018 as alleged, Adriatic is not liable to Harrington for any maintenance and cure;

(b) Adriatic Marine, LLC was in no way negligent or at fault for the injuries allegedly sustained by Harrington on March 18, 2018; and

(c) Adriatic is not liable to Harrington for any maintenance and cure as a result of Harrington's willful and knowing concealment of past medical conditions; and

(3) For all general, equitable and other relief to which it may be found to be entitled, whether in law, admiralty or equity.

Date: March 18, 2019.

Respectfully submitted:

*/s/ Lance M. Sannino*
LANCE M. SANNINO (#29409)
WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue, Suite 4800
New Orleans, LA 70170
Telephone: (504) 582-8000
Fax: (504) 582-8164
lsannino@joneswalker.com
wbaldwin@joneswalker.com
fwogan@joneswalker.com

*Attorneys for Adriatic Marine, LLC*