UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADRIATIC MARINE, LLC | * | CIVIL ACTION |
| | * | |
| versus | * | NO. 2:19-cv-02440 |
| | * | |
| ROLAND HARRINGTON | * | JUDGE: VITTER |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | MAGISTRATE: ROBY |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH RECORDS DEPOSITION AND SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION DIRECTED TO AT&T OR, ALTERNATIVELY, FOR PROTECTIVE ORDER**

MAY IT PELASE THE COURT:

Defendant/Counterclaimant, ROLAND HARRINGTON ("Harrington"), through undersigned counsel, received on June 10, 2019 a Notice of Deposition for Records Only and accompanying Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Directed to AT&T which was noticed and sent on June 10, 2019 containing a deposition date and time of June 26, 2019 at 10:00 a.m.  (See attached *en globo* as Exhibit "A").

The deposition and notice of subpoena are directed to AT&T and request the cell phone records, including text messaging, of defendant/counterclaimant, Harrington.  Harrington objects to this production as it clearly does not meet the requirements for admissibility set forth in the Federal Rules of Civil Procedure and the jurisprudence relating to such requests.  Federal Rule of Civil Procedure 26(b)(1) and (2) are the basic discovery parameters. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

1

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Further, Rule 26(b)(2) reigns in the realm of permissible discovery available under Rule 26(b)(1).

For example, Rule 26(b)(2)(C)requires a court to limit discovery if the court determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The records sought by plaintiff, Adriatic Marine, LLC ("Adriatic") are irrelevant and a complete invasion not only of Harrington's privacy, but quite possibility an invasion of attorney/client privileged communications. The information sought is a six-month window (1/1/18 through 7/1/18) of all cellular communications, including text messages, for Harrington's phone number. Harrington was injured on March 18, 2018 and first retained counsel on June 11, 2018, both clearly within this timeframe.

Adriatic filed this action seeking declaratory relief in the form of a finding that Harrington is not entitled to maintenance and cure benefits. Harrington was deposed on June 6, 2019. Discovery was propounded to him on April 5, 2019 and he answered same on April 12, 2019 (see attached as Exhibit "B"). Interestingly, the discovery did not include any request for his telephone records or he would have objected to same. Instead of making the request through a request for production, Adriatic has attempted to subpoena the information directly from Harrington's cell phone provider.

Adriatic is apparently attempting to mount a fraud defense against Harrington. Adriatic claims in their Answer to Counterclaim that Harrington did not have an accident as alleged and

2

was not injured in the service of their vessel (rec doc. 9 at p. 3, Second Defense). Adriatic has also claimed a defense of "injury by a fellow servant." (rec. doc. 9 at p. 4, Fourth Defense). Adriatic did not affirmatively list "fraud" as a defense although they are specifically required to do so by Federal Rule of Civil Procedure 8 (c)(1).

This Court has dealt with this issue in the past. In the case of *Howard v. Seadrill Americas, Inc.,* 2016 WL 7012275 (E.D. La. Dec. 1, 2016), the Court granted a similar motion to quash. In *Howard,* the defendant/employer also sought an injured employee's telephone records from AT&T and argued, albeit unsuccessfully, that the employee did not have standing to challenge the subpoena. As in *Howard*, Harrington clearly has "a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it" as required. The phone records constitute his personal records and he has an expectation of privacy regarding all matters contained therein. Adriatic has advanced no plausible theory that would support the claim that Harrington was not injured on their vessel while in the course and scope of his employment and, further, no theory as to how his telephone records might support any such theory.

Without offering any such basis, Adriatic's attempt to gain this information appears to be nothing but a standard fishing expedition and attempt to avoid payment of maintenance and cure. Harrington's treating physician has recommended a lumbar fusion surgery and Adriatic's own IME physician has agreed that a surgery may indeed be necessary; yet, Adriatic has denied Harrington his surgery and places themselves in jeopardy of incurring punitive damages if they cannot justify their denial in some way.

Accordingly, defendant/counterclaimant, Harrington respectfully requests that the Court grant his motion to quash the deposition and subpoena as requested herein.

Respectfully submitted,

/s/ Kristi A. Post
LAWRENCE BLAKE JONES (7495)
KRISTI A. POST (17752)
BLAKE JONES LAW FIRM, L.L.C
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone:	(504) 525-4361
Facsimile:	(504) 525-4380
E-mail: kpost@nola-law.com
*Attorneys for ROLAND HARRINGTON*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was sent to all counsel of record via electronic filing through the CM/ECF system on June 12, 2019. Copies to any counsel not listed on the Court's CM/ECF system have been sent via U.S. first class mail, postage pre-paid and properly addressed.

/s/ Kristi A. Post