# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADRIATIC MARINE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2440-WBV-KWR** |
| **ROLAND HARRINGTON** | **SECTION: D (4)** |

### ORDER and REASONS

Before the Court is a Motion for Partial Summary Judgment on *McCorpen* Defense, filed by Adriatic Marine, LLC.[1] Adriatic Marine seeks to dismiss the maintenance and cure claims of defendant, Roland Harrington, claiming that Defendant willfully concealed and/or misrepresented his pre-existing injuries. Defendant filed an Opposition to the Motion,[2] and Adriatic Marine has filed a Reply.[3]

After reviewing the briefs submitted by the parties and applicable law, Adriatic Marine's Motion for Partial Summary Judgment on *McCorpen* Defense is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, regarding maintenance and cure benefits requested by Roland Harrington, who claims he was injured while working aboard the M/V ADRIATIC, which is a vessel owned and operated by plaintiff, Adriatic Marine, LLC.[4] Harrington alleges that on

---

[1] R. Doc. 27.
[2] R. Doc. 31.
[3] R. Doc. 44.
[4] R. Doc. 1.

or about March 18, 2018, while working as an unlicensed engineer for Adriatic Marine aboard the vessel, he sustained personal injuries to his lower back.[5] Harrington claims he was cleaning inside the bilge around the port main engine and, upon finishing cleaning, he stepped out of the bilge and lost his footing, causing him to fall and hit his lower back on an angle iron.[6] There were no witnesses to the alleged accident. Harrington did not report the injury until March 26, 2018, when he completed an incident report.[7]

Adriatic Marine alleges that when the vessel returned to shore on March 27, 2018, Harrington was brought to Complete Occupational Health Services, where he was diagnosed with a lumbar contusion.[8] Adriatic Marine asserts that Harrington returned to the vessel that same day and worked without incident or injury until April 12, 2018, when he departed the vessel for a normal crew change.[9] Adriatic Marine alleges that Harrington returned to the M/V ADRIATIC from April 25, 2018 through May 25, 2018, and worked without any restrictions and without incident or injury.[10] Harrington failed to return to work for his scheduled crew change on June 6, 2018.[11] Adriatic Marine asserts that on May 30, 2018, more than two months after his alleged injury, Harrington went to Abbeville General Hospital and complained of lower back pain.[12] Harrington was diagnosed with "acute low back pain" and "lumbar

---

[5] *Id.*
[6] *Id.* at ¶ 8.
[7] *Id.* at ¶ 9.
[8] *Id.* at ¶ 10.
[9] *Id.*
[10] *Id.* at ¶ 11.
[11] *Id.* at ¶ 13.
[12] *Id.* at ¶ 12.

radicular pain."[13] One week later, on June 5, 2018, Harrington went to Southstar Urgent Care with complaints of "back pain," and was referred to an orthopedist and advised to return to the clinic in three days if the pain persisted.[14] The next day, June 6, 2018, Harrington applied for a job at On-Time Crew Changes.[15] In completing a Medical Examination Report Form as part of the application, Harrington was asked if he had or has ever had "neck or back problems." Harrington bubbled in "No."[16] Harrington continued receiving medical care and underwent an MRI in August 2018, which indicated significant disc degeneration with mild narrowing at L4-5, as well as disc degeneration at L5-S1 with severe L5-S1 canal and lateral recess stenosis with probable S1 nerve root impingement, and mild disc bulge of L3-4.[17]

Adriatic Marine claims that on June 12, 2018, it received correspondence from Defendant's counsel, asserting that Harrington had been injured aboard the M/V ADRIATIC on March 18, 2018, and requesting maintenance and cure benefits for Harrington.[18] Adriatic Marine alleges that it immediately initiated maintenance and cure payments in good faith and began an investigation into the alleged incident. As part of its investigation, Adriatic Marine learned that Harrington presented to the emergency room at Abrom Kaplan Memorial Hospital on November 13, 2009, complaining of lower back pain that had been present for several days.[19] He was

---

[13] R. Doc. 27-6 at p. 9.
[14] R. Doc. 27-8 at p. 3.
[15] R. Doc. 27-9.
[16] Id. at p. 6.
[17] R. Doc. 27-10 at p. 3.
[18] R. Doc. 1 at ¶ 14.
[19] R. Doc. 27-12.

diagnosed at that time with a lumbar strain and provided pain medication. Several days later, on November 17, 2009, Harrington visited Dr. Powlin Manuel regarding his back pain.[20] On March 19, 2010, Harrington returned to Dr. Manuel with complaints of back pain, and Dr. Manuel advised Harrington to undergo an x-ray of his lumbar spine.[21] Harrington returned to Dr. Manuel on March 24, 2010 to discuss the results of that x-ray.[22] Dr. Manuel opined that Harrington suffered from "back pain with a degenerative disc [sic] disease and obesity."[23] Dr. Manuel recommended further consultation with a specialist in spine disease. Approximately one year later, in May 2011, Harrington visited the Primary Care Clinic at Abrom Kaplan Medical Hospital complaining of lower back pain.[24] Harrington was diagnosed with lumbago and prescribed pain medication and muscle relaxers.[25] Harrington returned to the Primary Care Clinic for a follow-up visit on May 26, 2011.[26]

Harrington applied for a deckhand position with Adriatic Marine in September 2017. He was asked if he would submit to a pre-employment physical examination to determine his capacity for the job, and Harrington agreed to an examination. The pre-employment physical took place on September 13, 2017.[27] Prior to the physical, Harrington completed a medical questionnaire. The questionnaire instructions read, "ATTENTION: YOU MUST ANSWER TRUTHFULLY REGARDING THE BELOW

---

[20] R. Doc. 27-13 at pp. 3-4; R. Doc. 27-14.
[21] R. Doc. 27-13 at p. 4.
[22] *Id.* at p. 5.
[23] *Id.*
[24] R. Doc. 27-16, at p. 2.
[25] *Id.* at p. 3.
[26] *Id.* at pp. 4-5.
[27] R. Doc. 27-17.

MEDICAL CONDITIONS. FAILURE TO ANSWER TRUTHFULLY WILL RESULT IN IMMEDIATE TERMINATION AND FORFEITURE OF WORKERS COMPENSATION BENEFITS AND FORFEITURE OF MAINTENANCE AND CURE."[28] Harrington circled, "No," indicating that he did not currently have, nor had he previously had, "Injured back/back pain," "Back surgery/injury," or "Recurrent neck/back pain."[29] Adriatic Marine contends that none of Harrington's prior complaints or medical care related to back pain were disclosed to Adriatic Marine until the parties engaged in discovery in this lawsuit.

Adriatic Marine further contends that, in light of its investigation, it believes Harrington was not involved in any accident aboard the M/V ADRIATIC on March 18, 2018, and/or that Harrington did not sustain any injury while in service aboard the vessel.[30] Further, Adriatic Marine alleges that Harrington willfully and knowingly concealed his pre-existing medical conditions and/or failed to disclose them to Adriatic Marine, including but not limited to prior issues and injuries to his back.[31] As a result, Adriatic Marine claims that Harrington is not entitled to maintenance and cure benefits.[32] On March 18, 2019, Adriatic Marine filed a Complaint for Declaratory Judgment in this Court, seeking a declaration from this Court that it is not responsible for maintenance or cure or, conversely, a determination regarding past and future liability for maintenance and cure generally.[33]

---

[28] R. Doc. 27-17 at p. 3.
[29] *Id.*
[30] R. Doc. 1 at ¶ 18.
[31] *Id.* at ¶ 19.
[32] *Id.*
[33] *Id.* at ¶ 22.

On April 11, 2019, Harrington filed an Answer and Counter-Claim to Adriatic Marine's Complaint, asserting that his accident and injuries were caused solely by Adriatic Marine's negligence and/or the unseaworthiness of the vessel.[34] Harrington also asserted a claim for maintenance and cure benefits from the date of his injury until he reaches full recovery or maximum medical improvement.[35] Harrington asserts that Adriatic Marine is liable to him under the Jones Act, 46 U.S.C. § 30104, because Harrington was performing his duty as a seaman aboard the M/V ADRIATIC at the time of the accident.[36] Harrington also included a claim for punitive damages.[37]

On December 30, 2019, Adriatic Marine filed the instant Motion for Partial Summary Judgment on *McCorpen* Defense.[38] Harrington filed an Opposition to the Motion,[39] and Adriatic Marine filed a Reply in response.[40]

## II. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[41] When assessing whether a dispute regarding any material fact exists, the

---

[34] R. Doc. 7.
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] R. Doc. 27.
[39] R. Doc. 31.
[40] R. Doc. 44.
[41] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[42] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[43] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[44]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[45] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[46] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[47] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to

---

[42] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[43] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[44] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[45] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[46] *Id.* at 1265.
[47] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[48]

Additionally, in a nonjury case, such as this case, "a district court has somewhat greater discretion to consider what weight it will accord the evidence."[49] "When deciding a motion for summary judgment prior to a bench trial, the district court 'has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result.'"[50]

### III. ANALYSIS

"From its dawn, the maritime law has recognized the seaman's right to maintenance and cure for injuries suffered in the course of his service to his vessel, whether occurring on sea or on land."[51] The rule applies whether the shipowner was at fault or the vessel unseaworthy.[52] "Maintenance may be awarded by courts even where the seaman has suffered from an illness pre-existing his employment, but there is a general principle that it will be denied where he knowingly or fraudulently conceals his illness from the shipowner."[53] For a vessel owner to rely on the *McCorpen* defense to deny maintenance and cure to a seaman, the vessel owner must establish that: (1) the seaman intentionally misrepresented or concealed medical facts; (2) the misrepresented or concealed facts were material to the employer's hiring

---

[48] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).
[49] *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010) (quotation omitted).
[50] *Id*. (quoting *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991)).
[51] *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 63. S.Ct. 488, 87 L.Ed. 596 (1943).
[52] *Id*.
[53] *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

decision; and (3) there exists a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage.[54] Further, when the vessel owner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure.[55] "Of course, the defense that a seaman knowingly concealed material medical information will not prevail unless there is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage."[56]

Here, Adriatic Marine contends that Harrington willfully and knowingly concealed pre-existing medical conditions related to his back injuries and pain.[57] Adriatic Marine further asserts that it would have considered these withheld facts in making its hiring decision had they been disclosed.[58] Adriatic Marine notes that the concealed information is causally connected to Harrington's current alleged injuries, as they all relate to the same area of the body (the back).[59] To support its position that Harrington "willfully and knowingly" concealed these facts, Adriatic Marine points to Harrington's responses to written discovery requests, wherein Harrington answered affirmatively that he "read in full and understood the contents" of the medical questionnaire prior to signing it.[60] Adriatic Marine further points out that

---

[54] *Id.*
[55] *Id.*
[56] *Id.* at 549 (citation omitted).
[57] R. Doc. 1 at ¶ 19.
[58] *Id.* at ¶ 20.
[59] *Id.* at ¶ 21.
[60] R. Doc. 27-1 at pp. 18-19.

Harrington read various documents when presented to him by counsel during his deposition, and that Harrington testified in his deposition that he could read other documents.[61]

In his Opposition brief, Harrington points out that he also testified during his deposition that he did not fully understand the medical questionnaire when he completed it.[62] While he admits to circling the columns which indicated "No" to various ailments, including prior back or neck injuries or pain, Harrington testified that he, "Didn't understand it," and, "Because I didn't have no back pain and no—and I didn't understand."[63] Harrington argues that his non-disclosure was due to a lack of understanding, rather than an intent to conceal. As to the second *McCorpen* prong, which requires proof that the concealed information would have been material to the hiring decision, Harrington argues that Adriatic Marine's Declaration on the issue is self-serving.[64] Harrington further asserts that the information would not have been material to the hiring decision because Adriatic Marine's independent medical examiner reviewed Harrington's x-ray films from March 2010, and opined that the films showed "no evidence of acute injury."[65] Additionally, Harrington argues that Adriatic Marine's reliance on *McCorpen* ignores a glaring defect in their position, namely, that there is no evidence that any prior lumbar condition caused or contributed in any manner to Harrington's injury on the vessel, nor did any pre-

---

[61] *Id.*
[62] R. Doc. 31 at pp. 6-9.
[63] *Id.*
[64] R. Doc. 31 at pp. 9-10 (*citing* R. Doc. 27-11).
[65] *Id.*

existing condition interfere with his prior work for Adriatic Marine. Finally, Harrington argues that Adriatic Marine has failed to sustain its burden in meeting the third prong of *McCorpen*, showing a causal connection between the alleged withheld information and any injury. Harrington argues that, "Even if Adriatic was successful in proving the first two prongs of the *McCorpen* doctrine, the third prong is insurmountable in this instance since there is no proof that Harrington's slipping and striking his back on an angle iron in the bilge was in any way connected to a pre-existing degenerative lumbar condition."[66] Harrington further argues that Fifth Circuit jurisprudence requires Adriatic Marine to prove a prior injury, or at least significant treatment, to the same body part in order to prove a causal connection, and Adriatic Marine has failed to prove a prior injury.[67]

In its Reply brief, Adriatic Marine argues that Harrington's assertion that his prior back issues were not evidenced during his employment with Adriatic Marine are irrelevant to a *McCorpen* analysis.[68] Citing *Brown v. Parker Drilling Offshore Corp.*, Adriatic Marine asserts "that Harrington 'worked successfully and without incident for the entire time period in question' is similarly irrelevant to the 'materiality' prong of *McCorpen.*"[69] Adriatic Marine also points out that its Declaration regarding how and whether it would have considered Harrington's prior medical conditions, had they been disclosed, is unrebutted.[70] Finally, Adriatic

---

[66] *Id.* at p. 11.
[67] *Id.* at pp. 11-18.
[68] R. Doc. 44.
[69] *Id.* at p. 6 (citing *Brown*, 410 F.3d 166 (5th Cir. 2005)).
[70] R. Doc. 44 at p. 6.

Marine argues that the undisclosed medical information is causally connected to Harrington's treatment for his current injury, since both involve claims of back pain. Adriatic Marine argues that it is sufficient to show that the previous injury and the new injury occurred in the same location on the body to establish this causal connection.[71]

The record in this matter reflects that Harrington failed to disclose medical information to Adriatic Marine in its pre-employment questionnaire. Harrington has argued that he did not fully understand the questions put to him when he circled "no" to several questions regarding neck and back pain or injuries. However, his deposition testimony and conduct at the deposition, in reading and understanding other documents put before him, belie this argument. The record also reflects that Harrington answered "no" when asked whether he currently had or has ever had "neck or back problems" in an employment questionnaire that he completed three months after this alleged injury and only one day following a visit to an emergency room with a complaint of back pain.[72] In light of the evidence in the record, the Court is satisfied that the first prong of *McCorpen* has been met.

With respect to the second prong of *McCorpen*, Harrington has not provided any evidence to contradict Adriatic Marine's Declaration that the withheld medical information would have been important and considered by Adriatic Marine in making a determination about his fitness for employment. While Harrington asserts that

---

[71] R. Doc. 44 (citing *Brown*, 410 F.3d at 176; *Johnson v. Cenac Towing, Inc.,* 599 F. Supp. 2d 721, 728-29 (E.D. La. 2009); *Chapman v. Spartan Offshore Drilling, LLC*, Civ. A. No. 15-CV-994, 2016 WL 1393490, at *5 (E.D. La. Apr. 8, 2016)).
[72] *See* R. Doc. 27-9.

Adriatic Marine's Declaration is self-serving, this could be said about any Declaration or Affidavit in support of one's position. Further, regarding the materiality prong of *McCorpen*, the Court adheres to the jurisprudence that "…where the shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure."[73] The record supports that Defendant's employment with Adriatic Marine was dependent on a medical examination and the truthful completion of the medical questionnaire. The Court finds that Adriatic Marine's Declaration in this regard is uncontradicted and satisfies the second prong of the *McCorpen* analysis.

Finally, the Court is satisfied that the third prong of *McCorpen*, whether the concealed medical information is causally connected to the alleged injury or treatment for the injury, has been met in this case. The concealed medical information concerned recurring issues involving Harrington's back pain, and included a prior diagnosis of degenerative disc disease and lumbar strain. The Court finds that the medical records attached to Adriatic Marine's Motion are sufficient to satisfy that causal connection between the concealed medical information and Harrington's current injury and treatment.

---

[73] *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968) (citing *Evans v. Blidberg Rothchild Co.*, 382 F.2d 637 (4th Cir. 1967)).

IV. **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Adriatic Marine, LLC's Motion for Partial Summary Judgment on *McCorpen* Defense[74] is **GRANTED**, and Roland Harrington's claims for maintenance and cure are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, March 3, 2020.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[74] R. Doc. 27.