# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 28, 2021
Lyle W. Cayce
Clerk

No. 20-30226

ADRIATIC MARINE, L.L.C.,

*Plaintiff—Appellee*,

*versus*

ROLAND HARRINGTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-2440

Before WIENER, COSTA, and WILLETT, *Circuit Judges*.
PER CURIAM:[*]

  We affirm, for essentially the reasons given in the reported opinions of the district court. *See Adriatic Marine, LLC v. Harrington*, 446 F. Supp. 3d 126 (E.D. La. 2020); *Adriatic Marine, LLC v. Harrington*, 442 F. Supp. 3d 929 (E.D. La. 2020). First, the record contains no evidence establishing the causation element for either Harrington's Jones Act negligence claim or his

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unseaworthiness claim. *See Jones v. United States*, 936 F.3d 318, 321–24 (5th Cir. 2019). Second, as to Harrington's maintenance and cure claim, the record contains uncontradicted evidence that Harrington did not disclose his medical history of back injury when asked to do so on Adriatic Marine's pre-employment questionnaire. It is legally irrelevant whether Harrington had subjective intent to deceive or whether his subsequent medical history indicated his back was not injured. *See Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171–76 (5th Cir. 2005). Accordingly, Adriatic Marine is entitled to summary judgment for all of Harrington's claims.

As a result, the arguments related to Harrington's expert evidence are moot, and we do not address them.

AFFIRMED.